John P. Kenney, Claimant, *v.* State of New York, Defendant. (Claim No. 27799.)

Leonard Diener et al., Copartners Doing Business as The Long Eddy Chemical & Charcoal Company, Claimants, *v.* State of New York, Defendant. (Claim No. 27800.)

Court of Claims, February 21, 1947.

*James H. Glavin, Jr.,* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson, James G. Austin* and *Marvin Lazarus* of counsel), for defendant.

BARRETT, P. J. Claimant John P. Kenney, on May 22, 1943, was the owner of a parcel of land with a house and other buildings thereon and claimants Diener and Liebman, as copartners, were the owners of land upon which had been erected several buildings used in the manufacture of wood alcohol, acetate, charcoal and other chemicals. The properties were located in the hamlet of Long Eddy, town of Freemont, Sullivan County, and on said day, they were damaged by the flood waters of Pea Brook. These claims were filed to recover from the State the damages thereby caused.

The brook, a winding, meandering stream rose in the southerly part of Delaware County, flowed through the extreme northwesterly corner of Sullivan County in a southerly direction and then into the Delaware River. Near claimants' properties, it curved sharply to the west. It flowed in a narrow valley characterized as a ravine, with rocky, steep slopes which reached to a height of 500 feet. The width of the valley varied. In some places it was but 110 feet while in one place it was about 400 feet. I think it fair to say that its width generally was about 200 feet. The drainage area of the brook was six and eight-tenths miles. The hills on both sides of the valley were wooded, covered with vegetation and trees, six inches to one foot in diameter, in some places, extended into the brook. The soil made up of loam and clay was of an alluvial nature. **On the east side of the valley there had been a one-way dirt**

road for a distance of about four miles. On January 2, 1934, the State began the construction of a highway, a portion of which covered the location of the dirt road, and completed the same on or about November 5, 1935. The highway was a section of a road known as Route 97 of the Hancock-Long Eddy highway and extended for a distance of about five and one-half miles. The work began at the Sullivan-Delaware County line at a point about one mile from Long Eddy and about 1,850 feet from the property of the claimant Kenney and a portion thereof ran parallel to Pea Brook. In the course of construction, eleven changes were made in the creek channel for a distance of about two miles, the most southerly of which was at station 29 and the most northerly at station 126+75. In some places the creek channel was moved to the west and at some places the new highway was placed in the former bed of the creek. No riprap was placed at these points as the banks were rocky and it was not necessary. It appears that no fill was placed in the creek channel at the point where it turned to the west and no channel change was made there.

On May 22, 1942, and for some time prior thereto, there was a heavy rainfall and in the night the brook overflowed its banks. Stumps, trees, rocks and earth, carried by the stream piled up at the curve and the brook at that point broke through its banks cutting a new channel in a substantially straight line. At about 12:30 A.M. on May 23, 1942, the water undermined the house of claimant Kenney and carried it away and then continued toward a small bridge located across the old channel of the brook in the line of a road leading to the property of claimants Diener and Liebman, carrying out the bridge and a blacksmith shop of Diener and Liebman, located on the southerly side of the old channel of the brook and the stream then continued to cut a new channel westerly toward the stillhouse of Diener and Liebman which was undermined and a substantial part carried away. The water then went on in a southwesterly direction and returned to the old channel at or near the bridge of the Erie Railroad Company in Long Eddy. During the night of May 22d, the waterway under or through the bridge became blocked and the brook flowed over the railroad tracks through a new channel into the Delaware River.

Generally speaking, the State is charged with negligence in having constructed the highway in a valley which, with the brook and heavy fills, was too narrow, that the changes in the channel caused slides resulting in the deposit of debris in the brook and that because the channel was not properly maintained

this debris clogged the brook resulting in the overflow and resulting damages.

In support of their contention that the construction of the highway and the changes made in the creek channel caused the waters to overflow, claimants rely heavily upon the testimony of witnesses that slides had not occurred in the west bank of the stream until after the construction. In that connection, the claimant Kenney, Mrs. Voight, English and the claimant Diener testified that the west bank of the brook did not slide before but did slide after the construction and as a result the accumulated debris raised the level of the water. The valley was narrow and its slopes were steep and precipitous. English said that every spring the high waters washed the banks and Mrs. Voight said that the waters were high every spring. The witness Stickney, sworn by the State, said that the channel eroded both before and after the construction. Chappelle Peake testified that slides occurred prior to the construction of the highway. Lucian Peake testified that Pea Brook always had high water. It appears that the brook in 1922 overflowed its banks and caused much damage in the neighborhood of claimants' properties. Kenney admitted that in this flood of 1922, high waters washed out the county or town road just west of his property and went to his retaining wall. It also appears that one of the factory buildings was caused to collapse in the flood in 1922 and that a bridge went out at the same time. Doyle and Chappelle Peake said that the 1922 and 1942 floods were unprecedented. The brook, a meandering and winding stream, frequently changes its course and it is difficult to believe that under such conditions slides had not occurred prior to the construction work. In fact, Doyle, apparently a disinterested witness, said that he observed indications of a slide at a point where there had been no change in the channel. Kenney and Diener are claimants and Mrs. Voight is Kenney's sister. In any event the fact that slides in the banks occurred after but not before the construction, is not of itself sufficient to charge the State with negligence. (*Perkins* v. *State of New York*, 13 N. Y. Ct. Cl. 96.)

As to whether the channel was cleaned of debris is a disputed question. Kenney, Diener and Mrs. Voight testified that they did not see the State remove any debris from the channel of the stream. On the other hand, Mrs. Voight testified that she saw State employees do some work in the brook. Pierce, a State employee, said that the State cleaned out the debris in July and October, 1941, and that the channel did not need cleaning in the spring of 1942. He was in charge of the work

and responsible for maintenance. He was corroborated by Rogers, another State employee. Theirs is positive testimony uncontradicted save by the negative testimony of claimants and their witness. The work of cleaning the brook might have been performed without having been seen by the witnesses sworn by claimants.

Giles, claimants' expert witness, expressed the opinion that the work performed by the State caused the flood and consequent damages in the absence of maintenance work by the State. Sherwood, another expert witness for claimants, testified to the same effect. Giles stated on cross-examination that he would change his opinion if the State did properly maintain the channel. The evidence by the State is that the channel was cleaned in 1941 and that it was clean in the spring of 1942.

To accept claimants' contentions would mean that the Pea Brook flood would have to be regarded as an isolated flood. However, other streams in the vicinity left their banks and the flood conditions were general and extensive and caused widespread damage. Houlihan's Creek which was substantially similar to Pea Brook and which was only about 900 feet therefrom, left its banks and flooded the vicinity. The Pea Brook flood was merely a portion of the whole flood conditions and those conditions indicate that Pea Brook would have overflowed on May 22, 1942, regardless of the State construction work.

The expert witnesses, Paine, Stickney, Morse, Donovan, Harding, Wahlen and Walsh, sworn by the State, testified that the road was properly constructed and maintained. Some of them participated in the construction of the road and others had knowledge of the general flood conditions. Based, as their opinions were, on the proof that the brook was cleaned in 1941 and was clean in 1942, their opinions have more weight than the opinions of witnesses based on a lack of any maintenance by the State.

There is no proof directly connecting the work of construction involving the changes in the channel of the brook with the flooding of claimants' properties and the testimony is insufficient to establish that the negligence of the State caused the resulting damages. The claims must be dismissed.